UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARS KNUDSEN et al.,<br>         Plaintiff(s),<br>     v.<br><br>HIGHTOWER HOLDINGS, LLC et al.,<br>         Defendant(s). | CASE NO. C24-0395-KKE<br><br>ORDER GRANTING MOTION TO REMAND |

Plaintiffs initially filed this suit alleging multiple breaches of contract, breaches of fiduciary duties, and state tort claims in King County Superior Court. Dkt. No. 1-2. Plaintiffs also sought a temporary restraining order to prevent ongoing breaches of the subject contracts and to prevent Defendants from including allegedly false and defamatory statements about Plaintiff Lars Knudsen in two forms to be filed with federal securities regulators. Dkt. No. 2 n.1. On March 22, 2024, the day Plaintiffs' motion for emergency injunctive relief was to be heard in state court, Defendants removed the case to this Court. Dkt. No. 1. Plaintiffs now seek both emergency injunctive relief and to remand the matter back to state court. Dkt. Nos. 2, 20.

The Court held a hearing on Plaintiffs' motions on March 25, 2024. Plaintiffs' motion for remand alleges this Court lacks subject matter jurisdiction over Plaintiffs' claims. Dkt. No. 20. Defendant opposes the motion, arguing that because Plaintiffs' request for relief implicates two

ORDER GRANTING MOTION TO REMAND - 1

forms required to be filed by federal law, that the case necessarily raises a federal question sufficient to invoke this Court's jurisdiction.[1] Dkt. No. 32.

Under *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374 (2016), Plaintiffs' reference to the two forms required by federal securities laws in their request for relief is insufficient to transform Plaintiffs' state-law claims into a case arising under federal law for purposes of federal question jurisdiction. Accordingly, the Court GRANTS Plaintiffs' motion to remand. Dkt. No. 20. The Court DENIES Plaintiffs' pending motion for a temporary restraining order as MOOT because this Court does not have subject matter jurisdiction. Dkt. No. 2.

A separate memorandum opinion setting forth the Court's reasoning for granting the motion to remand and addressing Plaintiffs' entitlement to attorney's fees under 28 U.S.C. § 1447(c) will follow promptly. For the avoidance of doubt, this case is REMANDED to state court as of the date of this Order.

Dated this 27th day of March, 2024.

*[signature]*

Kymberly K. Evanson
United States District Judge

---

[1] Defendants contacted the Court this morning objecting to Plaintiffs' filing of a reply brief and arguing that Plaintiffs "waived that right in open court." Defendants are mistaken. In discussing an expedited briefing schedule on the motion to remand, the Court directed Defendants to file their opposition to Plaintiffs' motion to remand by 4:00pm on Tuesday, March 26, 2024. The Court then asked Plaintiffs if they intended to reply. Plaintiffs responded that they would respond quickly if there was a need but would otherwise waive their right to reply. Consistent with this representation, Plaintiffs submitted a short reply on the same day Defendants submitted their response. There was no waiver.

ORDER GRANTING MOTION TO REMAND - 2