UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARS KNUDSEN et al.,<br>          Plaintiffs,<br>v.<br><br>HIGHTOWER HOLDINGS, LLC et al.,<br>          Defendants. | CASE NO. C24-0395-KKE<br><br>MEMORANDUM OPINION ON THE ORDER TO REMAND |

On March 27, 2024, this Court granted Plaintiffs' motion to remand this case and denied Plaintiffs' motion for temporary restraining order as moot. Dkt. No. 34. This memorandum opinion sets forth the Court's reasoning for its order and also addresses Plaintiffs' request for attorney's fees under 28 U.S.C. § 1447(c). Dkt. No. 20.

## I. RELEVANT BACKGROUND

This case arises from Defendant Hightower Holding, LLC's termination of Plaintiff Lars Knudsen, an investment advisor, from its financial services company and the legal proceedings that followed. Dkt. No. 1-2.

On March 20, 2024, Plaintiffs filed this case in King County Superior Court. Dkt. No. 1-2 at 37. Plaintiffs brought ten state-law causes of action, a claim for declaratory judgment about the enforceability of various contracts, and a claim for emergency injunctive relief. *Id.* at 25–36. As relevant here, Plaintiffs sought a temporary restraining order enjoining Defendants from

violating various agreements, from enforcing restrictive covenants, and from including "false, unsubstantiated, or defamatory information about Knudsen" in two forms associated with Knudsen's termination. *Id.* ¶ 183. These forms, the "Form U5" and the "IAPD Notice of Termination" (collectively, "Forms"), are allegedly required to be filed with federal regulators pursuant to the Securities Exchange Act of 1934 (15 U.S.C. §§ 78o-3; 78s(b)(1)) and the Investment Advisors Act (15 U.S.C. § 80b-1, *et seq.*) within a certain period after the termination of an investment advisor. Dkt. No. 32 at 4–5. Knudsen alleged that Defendants intended to file the Forms with false information about his separation from the Defendant entities that would cause irreparable harm to his reputation as an advisor and to his business. Dkt. No. 1-2 at 35.

Though the Court lacks a detailed timeline, it is undisputed that each of the following actions occurred on March 21, 2024, the day after the complaint was filed in this case.

- Plaintiffs notified Defendants they would be filing a motion for temporary restraining order ("TRO") in the King County action, which would be heard on March 22, 2024, at 2:00pm. Dkt. No. 3 at 4.

- Defendants submitted the Form U5 to the Securities and Exchange Commission. Dkt. No. 26 at 231.

- Defendant Hightower Holdings, LLC filed a complaint against Plaintiff Lars Knudsen in the Northern District of Illinois arising from the same contracts as in the King County case, and alleging violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq*. *See* Complaint, *Hightower Holding, LLC v. Knudsen*, No. 1:24-cv-02328 (N.D. Ill. Mar. 21, 2024), ECF No. 1.

On March 22, 2024 at 12:52 p.m., approximately one hour before Plaintiffs' TRO hearing in King County Superior Court, Defendants removed this case to this Court pursuant to 28 U.S.C. §§ 1331, 1441, 1446. Dkt. No. 1. Though contesting subject matter jurisdiction, Plaintiffs quickly

MEMORANDUM OPINION ON THE ORDER TO REMAND - 2

refiled their motion for a TRO in this Court on the afternoon of March 22. Dkt. No. 2. On the morning of Monday, March 25, 2024, Plaintiffs filed a motion to remand. Dkt. No. 20. Later that day, Defendants filed their untimely response to the motion for TRO. Dkt. No. 26. On the afternoon of March 25, 2024, the Court heard oral argument on the motion for TRO and the motion to remand. Dkt. No. 31. At the hearing, the Court ordered Defendants to file a response to the motion to remand by 4:00pm on March 26, 2024, which they did. *Id.*, Dkt. No. 32. Plaintiffs filed a reply brief later that same day. Dkt. No. 33.

To prevent further delay in the adjudication of Plaintiffs' request for emergency injunctive relief, on March 28, 2024, the Court issued a brief order granting Plaintiffs' motion to remand and denying Plaintiffs' motion for TRO for lack of subject matter jurisdiction. Dkt. No. 34. As forecast in that order, the Court now provides this memorandum opinion detailing its reasons for granting Plaintiffs' motion to remand and addressing Plaintiffs' request for attorney's fees.

## II.   ANALYSIS

### A.   The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Case.

The question before the Court is whether Plaintiffs' request for injunctive relief, which would prohibit Defendants from including "false, unsubstantiated, or defamatory information about Knudsen" in the Forms or from disseminating the Forms outside the required regulatory authorities, is sufficient to invoke federal jurisdiction. The Court concludes it is not.

Defendants removed this case under 28 U.S.C. §§ 1331, 1441, and 1446, asserting federal question jurisdiction. Defendants argue that Plaintiffs' claims arise under the Securities Exchange Act and the Investment Advisors Act by "seeking injunctive relief preventing Defendants from exercising their legal obligations as promulgated by federal statutes and regulations." Dkt. No. 1 at 6. Defendants also argue this Court has "substantial federal question" jurisdiction because Plaintiffs' state-law claims are "brought to enforce or impede a duty created by federal law." Dkt.

No. 32 at 7–8. As outlined below, neither of Defendants' theories supports subject matter jurisdiction in this case.

1. <u>The Court lacks jurisdiction pursuant to the well-pleaded complaint rule.</u>

Generally, federal question jurisdiction arises "for purposes of § 1331 when a federal question appears on the face of the complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "The plaintiff is the 'master of the claim,' and 'may avoid federal jurisdiction by exclusive reliance on state law.' A plaintiff may also choose to invoke federal jurisdiction by pleading a federal claim." *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1118 (9th Cir. 2002) (quoting *Caterpillar Inc.*, 482 U.S. at 392). There is no federal jurisdiction when a federal question is presented as a defense "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.*

Defendants argue the complaint raises a federal question because it "pleads for injunctive relief to enjoin or limit statements required to be made by Defendants in compliance with obligations arising under the Exchange Act and Advisors Act." Dkt. No. 32 at 3. But, as Defendants admit, "Plaintiffs are not asserting a violation of a federal statute here." *Id.* at 8. Instead, Plaintiffs merely reference the federally regulated Forms in their prayer for relief. Dkt. No. 1-2 at 36. To determine whether to grant the injunctive relief sought by Plaintiffs, the Court does not need to consider federal law, as there is no federal claim or federal right to relief on the face of the complaint. To the contrary, the federal question only arises (if at all) in the context of Defendants' claims that they should not be enjoined because the federal statutes require them to include certain information about Plaintiff Knudsen on the Forms. While the Court is not convinced that Plaintiffs' requested injunction meaningfully implicates the federal statutes at all, it need not reach the question. As noted above, defenses alone are insufficient to invoke federal

MEMORANDUM OPINION ON THE ORDER TO REMAND - 4

jurisdiction. *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007); *Wayne v. DHL Worldwide Express,* 294 F.3d 1179, 1183 (9th Cir. 2002) ("[T]he existence of a defense based upon federal law is insufficient to support jurisdiction").

    2.   <u>The Court lacks substantial federal question jurisdiction.</u>

To the extent the Court finds that Plaintiffs' claims do not explicitly arise under federal law, Defendants argue that Plaintiffs' case falls into the "'"special and small category' of state-law claims that arise under federal law for purposes of § 1331 'because federal law is 'a necessary element of the … claim for relief.'" *City of Oakland*, 969 F.3d at 904 (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). "[F]ederal jurisdiction over a state-law claim will lie if a federal issue is '(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" *Id.* (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). "All four requirements must be met for federal jurisdiction to be proper" and courts often focus on the third requirement, "whether a case turns on substantial questions of federal law." *Id.* at 904–05 (cleaned up). This test applies to cases where state-law claims allegedly implicate the Securities Exchange Act. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning*, 578 U.S. 374, 377 (2016) ("We hold today that the jurisdictional test established by that provision is the same as the one used to decide if a case 'arises under' a federal law.").[1]

Here, as in *Manning*, Plaintiffs' case does not raise a substantial issue of federal law sufficient to invoke the exception. In *City of Oakland v. BP PLC*, the Ninth Circuit detailed instances when the substantiality inquiry was met, including when a federal issue "raises

---

[1] Defendants cite *Manning* throughout their brief to support the proposition that federal jurisdiction arises when "a state-law claim is brought to enforce or impede a duty created by federal law." Dkt. No. 32 at 8. To be clear, the *Manning* decision explicitly rejected the argument that any unique or broader form of federal jurisdiction arose under the "brought to enforce" language used in the Securities Exchange Act. 578 U.S. at 380.

MEMORANDUM OPINION ON THE ORDER TO REMAND - 5

substantial questions as to the interpretation or validity of a federal statute," "when it challenges the functioning of a federal agency or program," or when it is a "pure issue of law" that questions "the constitutional validity of an act of Congress" and "a ruling on the issue is both dispositive of the case and would be controlling in numerous other cases."  969 F.3d at 905 (cleaned up).  Defendants do not argue that the issues in Plaintiffs' case satisfy any of these standards, nor do Defendants identify any impact this case may have on the federal system as a whole.

Instead, Defendants misunderstand this requirement and focus their argument on the importance of the perceived federal issues to this case and to the "investing public."  Dkt. No. 32 at 9.  While the content of the Forms is important to the parties it does not impact the federal system as a whole.  Moreover, this case is principally about what the parties can and cannot do under their contracts now that Knudsen has been terminated, not the content of the Forms.  And policy interests like those of the "investing public" are insufficient to impact the federal system in a manner that warrants this Court's assumption of jurisdiction over state-law claims.  *See City of Oakland*, 969 F.3d 906–07 (finding issues of "energy policy, national security, and foreign policy" insufficient to raise a substantial question of federal law).  Finally, asserting federal jurisdiction over state-law claims is inappropriate, especially when, as here, the claims are "fact-bound and situation specific."  *Id.* (quoting *Empire Healthchoice Assur.*, 547 U.S. at 701).

Defendants do not cite any other federal case that has applied substantial federal question jurisdiction under similar circumstances and, in fact, cite authority that supports granting Plaintiffs' motion to remand.  For example, in *Fischer v. GMAC Mortg. LLC*, No. CV 12-03843-GAF-JCGx, 2012 WL 2524266 (C.D. Cal. June 27, 2012), the court granted a motion to remand because there was no substantial federal question even when the complaint specifically referenced federal statutes.  Here, the complaint does not even reference federal law, Plaintiffs merely seek relief regarding certain forms that are regulated by federal law.  The Court is similarly unpersuaded

MEMORANDUM OPINION ON THE ORDER TO REMAND - 6

by *Dupree v. Fay Servicing, LLC*, 392 F. Supp. 3d 639 (E.D. Va. 2019), which found a substantial federal question when the plaintiff's breach of contract claims alleged violations of federal mortgage regulations. Resolving whether federal law had been violated was thus the essential question in the case. *Id.* at 644 ("[A]lthough Plaintiff's claims may present certain questions of state contract law, Plaintiff's right to relief on each of her three (3) claims 'necessarily depends' on the question of whether [Defendant] has violated federal mortgage regulations, which is a question of federal law."). No such violation of federal law is alleged here.

By contrast, Plaintiffs cite numerous on point authorities rejecting federal subject matter jurisdiction in cases where state-law claims concern securities or FINRA-regulated issues. Dkt. No. 33 at 4–5. *See e.g.*, *Webb v. Fin. Ind. Reg. Auth., Inc (FINRA)*, 889 F.3d 853, 860 (7th Cir. 2018) (case about "FINRA's SEC-approved Code of Arbitration Procedure" did not necessarily raise a federal issue); *1791 Mgt., LLP v. Energy Vault, Inc.*, No. 2:23-CV-059292-AB-PD, 2024 WL 245625 (C.D. Cal. Jan. 22, 2024) (complaint for "state law claims for fraud and state securities violations" did not necessarily raise a substantial federal issue); *CWCapital Cobalt VR Ltd. v. CWCapital Investment LLC*, No. 17 CIV. 9463 (GBD), 2018 WL 2731270, at *3 (S.D.N.Y. May 23, 2018) (state-law claims against an investment advisor were insufficient for substantial federal question jurisdiction, even when national policy about investment abuses was at stake and state-law claims might require reference to a federal law). Most relevant here is *France v. Bradford*, where the District of Nevada analyzed whether reference to federal law in the prayer for relief could invoke federal jurisdiction. No. 2:23-CV-00444-GMN-NJK, 2023 WL 3251267 (D. Nev. May 4, 2023). There, the court found a federal issue was not necessarily raised when it was only relevant to the form of relief. *Id.* at *7 ("[T]hese paragraphs are not a separate *claim* for declaratory judgment, but instead are a form of *relief* as a remedy pursuant to Plaintiff's state law claims.").

MEMORANDUM OPINION ON THE ORDER TO REMAND - 7

In sum, the Court is aware of no authority that warrants assuming jurisdiction over Plaintiffs' case.

B.  **The Court Orders Additional Briefing on Plaintiffs' Entitlement to Fees.**

In Plaintiffs' motion to remand, they seek attorney's fees under 28 U.S.C. § 1447(c) for Defendants' improper removal of the case.[2] Fees are appropriately awarded under the statute when a defendant "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Here, for the reasons stated above, the Court finds that Plaintiffs have established a prima facie entitlement to attorney's fees arising from Defendants' failed removal. However, before granting Plaintiffs' motion, the Court will provide Defendants an opportunity to be heard.

Accordingly, the Court ORDERS:

1. Plaintiffs may submit a petition for attorney's fees, identifying the amount of attorney's fees they seek under 28 U.S.C. § 1447(c), and providing any necessary documentation in support of such fees. Plaintiffs' petition shall be filed by May 10, 2024.

2. Defendants may submit an objection as to Plaintiffs' entitlement to fees under 28 U.S.C. § 1447(c) and as to the reasonableness of Plaintiffs' petition by May 24, 2024. This objection may not exceed 4,200 words. No reply will be filed.

Dated this 26th day of April, 2024.

Kymberly K. Evanson
United States District Judge

---

[2] Defendants' opposition to Plaintiffs' motion to remand did not address Plaintiffs' entitlement to fees. However, because the Court ordered Defendants to brief only the issue of subject matter jurisdiction, the Court will not consider this issue waived.

MEMORANDUM OPINION ON THE ORDER TO REMAND - 8