UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LARS KNUDSEN, an individual; and TELOS INVESTMENT HOLDINGS CO., a Washington corporation;<br><br>                      Plaintiffs,<br><br>v.<br><br>HIGHTOWER HOLDING, LLC, a Delaware limited liability company; HIGHTOWER ADVISORS, LLC, a Delaware limited liability company; HIGHTOWER BELLEVUE OPCO, LLC, a Delaware limited liability company; HIGHTOWER SECURITIES, LLC, an Illinois limited liability company; HT HOLDING, LLC, a Delaware limited liability company; DAN STOBER, an individual; RANDY WILLIAMS-GURIAN, an individual; and TARA JOHNSON, an individual; and SHARON LAILEY, an individual;<br><br>                      Defendants. | Case No. 2:24-cv-00395-KKE<br><br>**PLAINTIFFS' PETITION FOR AN AWARD OF REASONABLE ATTORNEYS' FEES UNDER 28 U.S.C. § 1447(c)**<br><br>**NOTING DATE:  MAY 24, 2024** |

PLAINTIFFS' PETITION FOR AN AWARD OF REASONABLE ATTORNEYS' FEES UNDER 28 U.S.C. § 1447(C)

Seyfarth Shaw LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

## I. INTRODUCTION

Pursuant to this Court's Memorandum Opinion on the Order to Remand dated April 26, 2024 (ECF No. 37), Plaintiffs Lars Knudsen ("Knudsen") and Telos Investment Holdings Co. ("Telos," and together with Knudsen, "Plaintiffs") respectfully petition for an award of $33,597.00 in reasonably incurred attorneys' fees as a direct result of Defendants' improper removal of this action from King County, Washington Superior Court, which this Court properly remanded.

Under 28 U.S.C. § 1447(c), a Court remanding a case may direct the removing party to pay attorneys' fees "incurred as a result of the removal." This matter presents a classic case in which fees under 28 U.S.C. § 1447(c) are warranted. On March 22, 2024, Defendants removed this matter, without any basis, approximately *one hour* before a scheduled TRO hearing in State court on the critical issue of preventing Defendants from distributing a defamatory regulatory filing smearing Knudsen to clients. This Court swiftly recognized that Defendants' removal was improper, and on March 27, 2024, remanded the case to King County (ECF No. 34), which then heard and determined the TRO motion (granting it in part). Though the time this matter spent in federal court was less than a week, Plaintiffs expended significant resources in this short period of time in order to protect their rights. Among other things, as a direct result of Defendants' removal, Plaintiffs were forced to: (1) immediately file an emergency motion for a TRO in this Court that same day, March 22, 2024,[1] (2) expeditiously draft and file a Motion to Remand in this Court on March 25, 2024, (3) file supplemental declarations to address inaccurate statements in Defendants' TRO opposition papers on March 25, 2024, (4) participate in a hearing on the TRO and remand motions on March 25, 2024, (5) file a reply in support of their motion to remand on March 26, 2024, and (6) file the instant petition for fees on May 10, 2024.

As set forth herein and in the accompanying Declaration of Andrew Escobar (the "Escobar Declaration"), the fees presently requested would not have been incurred had Defendants simply

---

[1] Plaintiffs do not seek in this motion the time spent drafting the initial TRO in state court, on which their TRO moving papers in this Court were based, but only the time spent converting their state TRO to a federal filing.

PLAINTIFFS' PETITION FOR AN AWARD OF REASONABLE
ATTORNEYS' FEES UNDER 28 U.S.C. § 1447(C) - 1

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

kept the matter in State court and participated in the State TRO hearing as originally scheduled. Moreover, Plaintiffs' incurred fees are eminently reasonable, including efficiently and leanly drafting the papers submitted to this Court while charging market rates for the work of attorneys of comparable firms and specialized expertise. Plaintiffs' petition should be granted in full.

## II. BACKGROUND

The instant federal action is a small part of the already lengthy procedural history of the dispute between Plaintiffs and Defendants that has stretched over several fora and is characterized above all by Defendants' unceasing, multi-pronged, attempts to improperly prevent this matter from being heard in King County, Washington Court.[2]

By way of brief background, Plaintiffs filed this action in King County Superior Court (the "State Court Action"), on March 20, 2024, asserting various state-law claims arising from Defendants' improper attempt to push Knudsen out of their investment advisory firm on pretextual grounds, steal Knudsen's clients, force him into an early retirement through overbroad, unconscionable, and unenforceable restrictive covenants, and breach various contracts requiring Knudsen or Knudsen's company, Telos, to consent to making business decisions. Escobar Decl. ¶ 2; *see* ECF No. 1-2 (Initial Complaint).

Of critical importance to Plaintiffs and a key aspect of the State Court Action, Plaintiffs sought a TRO preventing Defendants from, among other things, distributing a defamatory regulatory filing (Form U5) regarding Knudsen's departure from HighTower to clients. To that end, on March 21, 2024, Plaintiffs, through counsel, informed Defendants' counsel that a TRO hearing would occur the following day (March 22, 2024) at 2:00 p.m. Despite their knowledge of

---

[2] Indeed, in addition to improperly removing the dispute to this Court, Defendants have also, among other things, (i) brought a separate, later-filed action in the Northern District of Illinois regarding the same subject matter forcing Plaintiffs to brief a motion to stay which on May 9, 2024 was denied without prejudice, and (ii) opened a case with the American Arbitration Association ("AAA"), forcing Plaintiffs to write to the AAA to explain why this was improper; the AAA, agreeing with Plaintiffs, administratively closed Defendants' improperly-initiated AAA case on May 7, 2024. Escobar Decl. ¶¶ 10–11. The instant petition is not in reference to the fees incurred in responding to these matters, but they provide important context as to the fact that Defendants' procedural antics have been extraordinarily costly and burdensome on Plaintiffs. *Id.* ¶ 10.

PLAINTIFFS' PETITION FOR AN AWARD OF REASONABLE
ATTORNEYS' FEES UNDER 28 U.S.C. § 1447(C) - 2

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

this pending case, and rather than asserting counterclaims in the Washington State Court Action as they were required to do, Defendants then hastily filed a subsequent action based on the same issues in the United States District Court for the Northern District of Illinois (the "Illinois Federal Court Action") on March 21, 2024, the day *after* Plaintiffs filed the Complaint. *See HighTower Holding, LLC v. Knudsen*, United States District Court for the Northern District of Illinois, Case No. 1:24-cv-02328, ECF No. 1. Then, just one hour before the scheduled hearing on the TRO Motion on March 22, 2024, Defendants filed the Notice of Removal, purporting to remove the Washington State Court Action to this Court.

As a direct result of Defendants' improper removal, Plaintiffs had to move quickly to convert their State TRO papers into a federal filing, and filed their TRO motion in this Court the same day (ECF Nos. 2–13). Defendants also had to expeditiously draft a motion for remand (and fees), which it filed a few days later on March 25, 2024 (ECF Nos. 20–23). Defendants filed an untimely response to the TRO on March 25, 2024 (ECF No. 26), which included false claims against Knudsen that Plaintiffs had to swiftly address by way of supplemental declarations (ECF Nos. 28–30).

Later that afternoon, the Court conducted an in-person hearing on the TRO Motion and Motion to Remand. *See* Escobar Decl. Ex. B (March 25, 2024 Transcript). Only one attorney, lead counsel Andrew Escobar, appeared for Plaintiffs at this hearing. *Id.* The Court immediately identified that it had "serious concerns about whether this case was properly removed[.]" *Id.* at 2:17–18. Defendants filed their opposition the next day, March 26, 2024 (ECF No. 32). In light of new arguments and mischaracterization of the law in this opposition, Plaintiffs again had to work expeditiously to draft and file a reply brief later that same day so as to correct the record (ECF No. 33).

The following day, March 27, 2024, the Court issued its Order Granting Motion to Remand (ECF No. 34). In the Order, the Court recognized that Plaintiffs' complaint brought state law claims and was not properly removed to this Court, and denied the TRO as moot "because this

PLAINTIFFS' PETITION FOR AN AWARD OF REASONABLE
ATTORNEYS' FEES UNDER 28 U.S.C. § 1447(C) - 3

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

Court does not have subject matter jurisdiction." *Id.* at 2:3–8. The Court also noted that Defendants had contacted the Court to object to Plaintiffs' filing a reply asserting that Plaintiffs had "waived" a reply, and explaining that Defendants were "mistaken" as Plaintiffs had in fact "responded that they would respond quickly if there was a need" and, "consistent with this representation, Plaintiffs submitted a short reply on the same day Defendants submitted their response. There was no waiver." *Id.* at 2, n.1. The Court further noted that it would follow with a separate memorandum opinion "setting forth the Court's reasoning for granting the motion to remand and addressing Plaintiffs' entitlement to attorney's fees under 28 U.S.C. § 1447(c)." *Id.* at 2:9–12.

On April 26, 2024, the Court issued its Memorandum Opinion (ECF No. 37). In the Memorandum Opinion, the Court explained that "the Court is aware of no authority that warrants assuming jurisdiction over Plaintiffs' case" and that "Plaintiffs have established a prima facie entitlement to attorney's fees arising from Defendants' failed removal." *Id.* at 8:1–9. The Court invited Plaintiffs to submit the instant petition for attorneys' fees. *Id.* at 8:12.

### III.   ARGUMENT

**A.   Fees are Properly Awarded in this Action Because Defendants Lacked an Objectively Reasonable Basis for Removal**

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." As this Court noted in its Memorandum Opinion, "[f]ees are appropriately awarded under the statute when a defendant 'lacked an objectively reasonable basis for seeking removal.'" *Knudsen v. Hightower Holdings, LLC*, No. C24-0395-KKE, 2024 WL 1832492, at *4 (W.D. Wash. Apr. 26, 2024) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). "Removal is not objectively reasonable when relevant case law at the time clearly forecloses the removing party's asserted basis for removal." *Powell v. Healy*, No. 21-55477, 2022 WL 4181717, at *1 (9th Cir. Sept. 13, 2022). Furthermore, "bad faith need not be demonstrated to impose fees under § 1447(c)." *Malgesini v. Malley*, 22-15625, 2023 WL 1281664, at *1 (9th Cir. Jan. 31, 2023) (citing *Gibson v.*

PLAINTIFFS' PETITION FOR AN AWARD OF REASONABLE
ATTORNEYS' FEES UNDER 28 U.S.C. § 1447(C) - 4

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

*Chrysler Corp.*, 261 F.3d 927, 950 (9th Cir. 2001) ("§ 1447(c) does not mirror Rule 11 because it is not punitive and does not require bad faith.")).

As set forth in further detail in Plaintiffs' Motion for Remand and Reply, Defendants' removal is precisely the kind clearly foreclosed by relevant case law and was without any objective reasonable basis, thereby justifying a fee award. To summarize, Supreme Court precedent is clear that "[f]ederal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1988). Here, however, Defendants readily conceded in their Notice of Removal that the causes of action in Plaintiffs' complaint were for "breach of contract, breach of the covenant of good faith and fair dealing, conversion, unjust enrichment, breach of fiduciary duties, and tortious interference"—all state claims. ECF No. 1 ¶ 3. Plaintiffs are "master of the claim[.]" *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987). It is "settled law that a case may not be removed to federal court on the basis of a federal defense." *Touch Networks, Inc. v. Gogi Design, LLC*, 2007 WL 9775634, at *2 (W.D. Wash. Dec. 20, 2007).

After Plaintiffs' Motion for Remand pointed out that Plaintiffs raised no federal question and Defendants cannot remove based on a "federal defense," Defendants changed tack from their Notice of Removal and instead argued, in their opposition, that Plaintiffs' complaint somehow fell within the "special and small category of cases in which arising under jurisdiction still lies." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383 (2016). As Plaintiffs explained on reply, it unequivocally does not, as this narrow exception is "confined . . . to those [claims] that really and substantially involv[e] a dispute or controversy respecting the validity, construction or effect of [federal] law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S 308, 313 (2005) (internal quotations omitted). State courts certainly have the ability to adjudicate state law claims related to federal filings, and Defendants did not, and could not, argue otherwise. *See, e.g.*, *Constantakis v. Bryan Advisory Servs., LLC*, 275 A.3d 998 (Pa. Super. May 5, 2022). *See* ECF No. 33 at 1:16–5:19.

PLAINTIFFS' PETITION FOR AN AWARD OF REASONABLE
ATTORNEYS' FEES UNDER 28 U.S.C. § 1447(C) - 5

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

This Court need look no further than its own Memorandum Opinion to determine that Defendants' removal was clearly foreclosed by relevant caselaw. *See Knudsen*, 2024 WL 1832492, at *3–4 ("Defendants do not cite any other federal case that has applied substantial federal question jurisdiction under similar circumstances and, in fact, cite authority that supports granting Plaintiffs' motion to remand. . . By contrast, Plaintiffs cite numerous on point authorities rejecting federal subject matter jurisdiction in cases where state-law claims concern securities or FINRA-regulated issues."). As this Court aptly put it, "In sum, **the Court is aware of no authority that warrants assuming jurisdiction over Plaintiffs' case**." *Id.* at *4 (emphasis added). Defendants' removal was not only improper, but was contrary to clear case law and lacking in any objectively reasonable basis. Plaintiffs, who were forced to expend significant resources to swiftly address Defendants' procedurally improper removal, should be awarded their fees under 28 U.S.C. § 1447(c).[3]

### B.     Plaintiffs' Fees as a Result of Removal Were Reasonably Incurred

In determining the reasonableness of fees, Courts apply the two-step "lodestar" method, first calculating the "lodestar figure" by "taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate" and second, "whether to enhance or reduce the lodestar figure based on an evaluation of the *Kerr* factors[4] that are not already subsumed in the initial lodestar calculation." *Harris v. JFC Int'l Inc.*, No. 21-CV-01536-LK, 2023 WL 3818463, at *11 (W.D. Wash. June 5, 2023) (citations omitted). "A district court should not, however, prophylactically apply the *Kerr* factors in every case," as "there is a strong presumption that the lodestar figure is reasonable because the *Kerr* factors are largely subsumed within the initial calculation of reasonable hours expended at a reasonable hourly rate . . . ." *Id.* (internal quotation marks and citations omitted). "Reasonable fees are to be calculated according to the prevailing market rates in the relevant community" and "satisfactory evidence" of market rates includes "affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the

---

[3] And while a showing of bad faith is not a requirement for fees, given the timing of Defendants' removal (an hour before the state TRO hearing), the removal smacked of gamesmanship rather than any legitimate purpose.
[4] *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (enumerating twelve factors).

PLAINTIFFS' PETITION FOR AN AWARD OF REASONABLE
ATTORNEYS' FEES UNDER 28 U.S.C. § 1447(C) - 6

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

community, and rate determinations in other cases." *Id.* (citations omitted). "The Court may also rely on its own knowledge and familiarity with the legal market in setting a reasonable rate." *Id.*

A true and correct table showing the time entries reflecting each task performed by Plaintiffs' counsel, number of hours incurred for each task, and total amount of fees incurred per task, is set forth in Appendix A of the Escobar Declaration submitted herewith. Each task included in this table was in direct response to the removal.[5] Moreover, these fees are eminently reasonable. Given the tight timeframe caused by Defendants' improper removal, all work incurred was necessarily performed with the utmost efficiency, by attorneys with relevant expertise, and without duplication of efforts. *Id.* ¶ 20. Plaintiffs' counsel—Seyfarth Shaw LLP—billed for this matter at discounted rates compared to its standard rates for 2024. These discounted rates charged to Plaintiffs for this matter are reasonable and consistent with comparable firms in the Seattle area:

- Andrew Escobar (Partner and lead counsel): $800/hour
- Christopher Robertson (Senior Partner with specific expertise in FINRA and regulatory matters at-issue in this case): $1,000/hour
- Dawn Mertineit (Partner): $755/hour
- Matthew Catalano (Senior Associate): $685/hour
- Cathryn Johns (Mid-Level Associate): $625/hour

*See id.* ¶¶ 13–17. *See, e.g.*, *Stanikzy v. Progressive Direct Ins. Co.*, No. 2:20-CV-118 BJR, 2022 WL 1801671, at *6 (W.D. Wash. June 2, 2022), *aff'd*, No. 22-35524, 2023 WL 4837875 (9th Cir. July 28, 2023) ("hourly rates of $1000 for 2022" reasonable); *see also Regina L. K. v. Kijakazi*, No. 1:20-CV-1324-SI, 2023 WL 9111313, at *2 (D. Or. Dec. 22, 2023) ("effective hourly rates

---

[5] Work relating to the federal TRO (which would not have been brought in federal court had Defendants not improperly abrogated the state TRO motion by removing this case) does not include the initial drafting of TRO papers in State court, but only the work specific to converting, filing, and arguing the TRO in federal court. Escobar Decl. ¶ 20, n.1. Moreover, Plaintiffs are entitled to recover the amount incurred in drafting the instant fees petition, as this work would not have been performed absent Defendants' improper removal. *See Johnson v. Hunters Point Brewery, LLC*, 21-16608, 2022 WL 3998568, at *2 (9th Cir. Sept. 1, 2022) ("we vacate the court's decision denying fees-on-fees"); *Brown v. Sullivan*, 916 F.2d 492, 497 (9th Cir. 1990) ("The law is well established that, when fees are available to the prevailing party, that party may also be awarded fees on fees, i.e., the reasonable expenses incurred in the recovery of its original costs and fees.") (quotation omitted).

PLAINTIFFS' PETITION FOR AN AWARD OF REASONABLE
ATTORNEYS' FEES UNDER 28 U.S.C. § 1447(C) - 7

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

exceeding $1,000 have been approved in this district"); *Koonwaiyou v. Blinken*, No. 3:21-CV-05474-DGE, 2024 WL 1193111, at *9 (W.D. Wash. Mar. 20, 2024) (approving rate of $850/hour for Washington-based attorney with relevant expertise). Plaintiffs respectfully request that the Court grant their attorneys' fees petition in full.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court award Plaintiffs the full amount of $33,597.00, representing the attorneys' fees Plaintiffs incurred as a result of Defendants' improper removal of this action.

I certify that this Petition contains 2,815 words, in compliance with the Local Civil Rules.

Respectfully submitted this 10th day of May, 2024.

SEYFARTH SHAW LLP

By: /s/ Andrew R. Escobar
Andrew R. Escobar, WSBA No. 42793
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
Phone: (206) 946-4910
Email: aescobar@seyfarth.com

*Counsel for Plaintiffs*

PLAINTIFFS' PETITION FOR AN AWARD OF REASONABLE ATTORNEYS' FEES UNDER 28 U.S.C. § 1447(C) - 8

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have caused a true and correct copy of the foregoing PETITION FOR AN AWARD OF REASONABLE ATTORNEYS' FEES UNDER 28 U.S.C. § 1447(c) to be served upon the following:

| | |
|---|---|
| GORDON & REES SCULLY MANSUKHANI LLP<br>Robert Gillette, WSBA No. 44212<br>Michael C. Tracy, WSBA No. 51226<br>701 Fifth Avenue, Suite 2100<br>Seattle, WA 98104<br>Phone: (206) 695-5156<br>Fax: (206) 689-2822<br>Email: rgillette@grsm<br>         mtracy@grsm.com | ☒ via WDWA ECF<br>☐ via U.S. Mail<br>☐ via Facsimile<br>☐ via Messenger Service<br>☒ via Email |
| HENNEMAN RAU KIRKLIN & SMITH LLP<br>Matt Henneman *(PHV forthcoming)*<br>Alexandra McNicholas Bernier *(PHV forthcoming)*<br>8115 Walker St., Suite 1440<br>Houston, TX  77002<br>(713) 955-6030 | Phone<br>Email: mhenneman@hrkslaw.com<br>         abernier@hrkslaw.com | ☐ via WDWA ECF<br>☐ via U.S. Mail<br>☐ via Facsimile<br>☐ via Messenger Service<br>☒ via Email |

*Attorneys for Defendants*

Dated this 10th day of May, 2024.

      *s/ George Barrington*
      George Barrington, Legal Assistant
      Seyfarth Shaw LLP
      999 Third Avenue, Suite 4700
      Seattle, WA 98104-4041
      Email: gbarrington@seyfarth.com

PLAINTIFFS' PETITION FOR AN AWARD OF REASONABLE ATTORNEYS' FEES UNDER 28 U.S.C. § 1447(C) - 9

Seyfarth Shaw LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910