UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARS KNUDSEN et al., | CASE NO. C24-0395-KKE |
| Plaintiffs, | ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR ATTORNEY'S FEES |
| v. | |
| HIGHTOWER HOLDINGS, LLC et al., | |
| Defendants. | |

This case arises from Defendant Hightower Holding, LLC's termination of the employment of Plaintiff Lars Knudsen, an investment advisor, from its financial services company and the legal proceedings that followed. Defendants[1] removed this case from King County Superior Court based on Plaintiffs'[2] reference to two federally regulated forms in the complaint's request for relief. Dkt. No. 1. After oral argument and briefing, the Court remanded the case to state court and allowed Plaintiffs to submit a petition for attorney's fees under 28 U.S.C. § 1447(c). Dkt. No. 37. The Court also granted Defendants an opportunity to object to Plaintiffs' entitlement to fees and/or the amount of fees sought. Id. The Court finds that based on the dearth of authority to support removal, Defendants "lacked an objectively reasonable basis for seeking removal" and

---

[1] Defendants are Hightower Holding LLC, Hightower Advisors LLC, Hightower Bellevue OPCO LLC, Hightower Securities LLC, HT Holdings LLC, Dan Stober, Randy Williams-Gurian, Tara Johnson, and Sharon Lailey. Dkt. No. 1-2.

[2] Plaintiffs are Lars Knudsen and Telos Investment Holdings Co. Id.

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR ATTORNEY'S FEES - 1

Plaintiffs are entitled to $28,178.50 in attorney's fees. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

## I. BACKGROUND

When Plaintiffs initially filed this suit in King County Superior Court, Plaintiffs also sought a temporary restraining order ("TRO") to prevent ongoing breaches of the subject contracts and to prevent Defendants from including allegedly false and defamatory statements about Knudsen in two forms to be filed with federal securities regulators. Dkt. No. 2 at 2 n.1. These forms, the "Form U5" and the "IAPD Notice of Termination" (collectively, "Forms"), are allegedly required to be filed with federal regulators pursuant to the Securities Exchange Act of 1934 (15 U.S.C. §§ 78o-3, 78s(b)(1)) and the Investment Advisors Act (15 U.S.C. § 80b-1) within a certain period after the termination of an investment advisor. Dkt. No. 32 at 4–5.

After this case was filed in state court, Defendants submitted the Form U5 (Dkt. No. 26 at 231–35) and filed a separate lawsuit against Knudsen in the U.S. District Court for the Northern District of Illinois arising from the same contracts at issue here. *See* Complaint, *Hightower Holding, LLC v. Knudsen*, No. 1:24-cv-02328 (N.D. Ill. Mar. 21, 2024), ECF No. 1. An hour before the hearing on Plaintiffs' TRO in state court, Defendants removed the case to this Court. Dkt. No. 1. Defendants' notice of removal argued this Court had subject matter jurisdiction because "[i]n seeking injunctive relief preventing Defendants from exercising their legal obligations as promulgated by federal statutes and regulations, Plaintiffs' claims clearly invoke a federal question pursuant to 28 [U.S.C.] § 1331." Dkt. No. 1 at 6. Upon removal, Plaintiffs diligently refiled their motion for TRO and a motion to remand in this Court. Dkt. Nos. 2, 20.

At the TRO hearing, the Court focused on whether it had subject matter jurisdiction and ordered Defendants to provide an expedited response to the motion to remand. Dkt. No. 36 at 14.

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR ATTORNEY'S FEES - 2

The Court explicitly requested authority to support the Court's jurisdiction.[3]  *Id.*

In response to the motion to remand, Defendants argued the Court has subject matter jurisdiction under both the well-pleaded complaint rule and the narrower, substantial federal question doctrine.  Dkt. No. 32.  The Court held it did not have jurisdiction under either theory and granted Plaintiffs' motion to remand.  Dkt. Nos. 34, 37.  The Court also allowed Plaintiffs to submit a petition for attorney's fees and permitted Defendants to file an objection as to Plaintiffs' entitlement to fees and the reasonableness of the fees requested.  Dkt. No. 37 at 8.  Having reviewed that briefing, the Court grants Plaintiffs' request for attorney's fees and finds the requested fees to be generally reasonable.

## II.   ANALYSIS

### A.   Legal Standards

Removal of a case to federal court, followed by remand back to state court, "delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin*, 546 U.S. at 140.  Under 28 U.S.C. § 1447(c), where a removed case is remanded, the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party[.]"  *Martin*, 546 U.S. at 140.  Therefore, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Id.* at 141.  Courts in the Ninth Circuit determine whether removal was objectively reasonable in part "by looking to the clarity of the law

---

[3] During oral argument the Court asked Defendants' counsel for a "case where the court has found subject matter jurisdiction on the basis of reference to a federal form and request for relief[,]" and counsel responded, "I don't know that we were able to find a case under such limited circumstances."  Dkt. No. 36 at 10.

at the time of removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) (citing *Martin*, 546 U.S. at 141). District courts also have "discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Martin*, 546 U.S. at 141.

Once a court determines fees are appropriate, the court must apply the lodestar method to calculate the appropriate fee award. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* (quoting *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996)). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Id.*

**B.     Plaintiffs Are Entitled to an Award of Attorney's Fees.**

The Court finds that neither of Defendants' theories for removal were objectively reasonable. First, Defendants argued that a federal question was clear from the face of the well-pleaded complaint because Plaintiffs sought relief regarding the substance of the Forms in their prayer for relief. Dkt. No. 32 at 6–7. Defendants' briefing did not cite any authority to support that position, and the Court specifically requested applicable case law from Defendants during oral argument and granted Defendants the opportunity to oppose the motion to remand and to respond to the fee petition. Yet Defendants continually failed to provide any case that found federal question jurisdiction based on allegations in a prayer for relief. Instead, Defendants seem to argue that a failure to provide authority to support removal does not mean the argument was "clearly foreclosed" such that fees are warranted. Dkt. No. 40 at 4 (citing *Houden v. Todd*, 348 F. App'x 221, 223 (9th Cir. 2009)). But at least one district court in the Ninth Circuit has awarded fees in identical circumstances. *See, e.g.*, *Pililian v. CVS Pharmacy, Inc.*, No. CV 23-9923-CBM-JCx, 2024 WL 324898, at *2 (C.D. Cal. Jan. 23, 2024) (awarding fees under 28 U.S.C. § 1447(c) when

"Defendant failed to identify the district court decision which it contends supports removal of this case based on the PREP Act" and did not cite contrary Ninth Circuit law). Defendants' continued failure to provide any authority to support their first theory for federal jurisdiction indicates that removal was not objectively reasonable.

Second, Defendants argued this case falls in the "special and small category" of cases wherein state-law claims can provide federal jurisdiction because a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *City of Oakland v. BP PLC*, 969 F.3d 895, 904 (9th Cir. 2020) (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). An issue is "substantial" when it "raises substantial questions as to the interpretation or validity of a federal statute" or "when it challenges the functioning of a federal agency or program[.]" *Id*. at 905. Even though all four factors must be present, Defendants failed to provide any explanation for why a dispute about what to include on two federal forms raised a federal issue that was substantial to the federal system as a whole. Defendants instead argued about the role of the Forms in this case and the investing public's interest that "these reporting obligations are substantial for purposes of the jurisdictional analysis." Dkt. No. 32 at 9. Defendants presented no colorable argument that this case raised a substantial federal issue, especially in light of Plaintiffs' extensive authority to the contrary (Dkt. No. 33 at 4–5). Thus, Defendants' second argument for federal jurisdiction also fails to establish that removal was objectively reasonable.

Plaintiffs are therefore entitled to their reasonable attorney's fees incurred due to the removal under 28 U.S.C. § 1447(c).

**C.     The Attorney's Fees Sought Are Generally Reasonable.**

Plaintiffs seek $33,597.00 in attorney's fees. Dkt. No. 38. Defendants object to both the billing rates and the amount billed by Plaintiffs' counsel. Dkt. No. 40. The Court will address each lodestar factor in turn.

First, with one exception, the Court finds the billing rates reasonable. "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits."). Plaintiffs request fees for five attorneys. Dkt. No. 39 at 8–10. Plaintiffs note that their attorneys charged discounted rates in this case, and argue that the following discounted hourly rates are reasonable: Andrew Escobar (20 years of experience) at $800; Christopher Robertson (32 years of experience) at $1,000; Dawn Mertineit (16 years of experience) at $755; Matthew Catalano (nine years of experience) at $685; and Cathryn Johns (six years of experience) at $625. *Id.* at 4–6.

The two cases cited by Plaintiffs to support billable rates of $1,000 are distinguishable. *See Stanikzy v. Progressive Direct Ins. Co.*, No. 2:20-CV-118 BJR, 2022 WL 1801671, at *1 (W.D. Wash. June 2, 2022) (performing a lodestar cross-check after finding a class settlement fee award appropriate under the percentage-of-recovery method), *aff'd*, No. 22-35524, 2023 WL 4837875 (9th Cir. July 28, 2023); *Regina L. K. v. Kijakazi*, No. 1:20-CV-1324-SI, 2023 WL 9111313, at *2 (D. Or. Dec. 22, 2023) (discussing de facto hourly rates under contingency fee arrangements and only awarding an hourly rate of $549.26). But Plaintiffs did supply sufficient authority to support the reasonableness of an $850 rate. *See Koonwaiyou v. Blinken,* No. 3:21-cv-05474-DGE, 2024

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR ATTORNEY'S FEES - 6

WL 1193111, at *9 (W.D. Wash. Mar. 20, 2024); *see also Promedev, LLC v. Wilson*, No. C22-1063JLR, 2024 WL 3043415, at *6 (W.D. Wash. June 18, 2024) (finding hourly rate of $850 reasonable for Seattle law firm partner).  In their response to the petition for fees, Defendants aver that a reasonable hourly fee for an attorney with 13 years of experience is $575, and with eight years of experience is $450 (Dkt. No. 41 ¶ 6), but do not provide any other evidence to undermine the requested fees.  In light of the authority provided by both parties, the Court will accept all Plaintiffs' requested rates below $850 and reduce Mr. Robertson's rate to $850 per hour.  In doing so, the Court observes that while $850 is on the higher end of hourly rates in the Seattle legal community, the complexity of this case, the expedited timeline, and the excellent quality of Plaintiffs' representation warrant largely accepting the rates Plaintiffs have requested.

Second, Defendants argue that Plaintiffs improperly "conflate[] time spent addressing the temporary restraining order issues with time spent addressing the jurisdictional removal."  Dkt. No. 40 at 7.  But Defendants ignore the reality that their removal forced Plaintiffs to refile and argue their TRO motion in this Court.  These fees were "incurred as a result of removal" and will be included in the fee award.  28 U.S.C. § 1447(c).

The Court identifies two fee entries that are "excessive, redundant, or otherwise unnecessary."  *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

- Part of the 2.7 hours billed by Mr. Robertson on March 25, 2024 for "review correspondence regarding alleged Washington public statement law regarding response to same and review cases and related materials regarding exemptions" is not clearly related to the motion to remand or TRO motion.  Dkt. No. 39 at 9.  Because the other tasks in that entry were incurred due to removal, the entry will be reduced by 50%.

- The 8.6 hours billed by Matthew Catalano for drafting the petition for fees (Dkt. No. 39 at 10) appears excessive and will be reduced by 50%.

With the Court's edits, the total fee award is $28,178.50. The Court acknowledges this is a higher award than is typically ordered under 28 U.S.C § 1447(c), however this case did not involve a simple motion to remand. Rather, the uniquely high award here is appropriate because of the complexity of the case and the context of Defendants' attempted removal within the course of the litigation between the parties. Specifically, Defendants removed this case an hour before the scheduled hearing on Plaintiffs' motion for TRO in state court. In addition to opposing the removal itself, Plaintiffs were also forced to update and refile their TRO motion in this Court, as well as prepare for and deliver oral argument on the two motions in this Court on an expedited basis. In light of these unique circumstances, the Court finds that Plaintiffs' fee request is generally reasonable.

### III.  CONCLUSION

For these reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' petition for attorney's fees (Dkt. No. 38) and orders Defendants to pay Plaintiffs $28,178.50 within 30 days of this Order. Post-judgment interest shall accrue on this judgment pursuant to 28 U.S.C. § 1961(a).

Dated this 16th day of July, 2024.

Kymberly K. Evanson
United States District Judge